LODGED

2019 DEC -2 PM 2:25
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

FILED
2019 DEC -3 PM 3:33
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

Aaron Alan Falls
FULL NAME

Same
COMMITTED NAME (if different)

CSP Solano Level III / Fac A Bld 6
FULL ADDRESS INCLUDING NAME OF INSTITUTION
P.O. Box 4000 (2100 Peabody Rd.)
Vacaville, CA 95696

PRISON NUMBER (if applicable)
BH6927

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

AARON ALAN FALLS,

PLAINTIFF,

v.

ALYSSA VERNAL, ET.AL.,

DEFENDANT(S).

CASE NUMBER
EDCV19-02311 JLS (ADS)
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☒ No

2. If your answer to "1." is yes, how many? N/A

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
Plaintiff ______________________________

Defendants ______________________________

b. Court ______________________________

c. Docket or case number ______________________________

d. Name of judge to whom case was assigned ______________________________

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) ______________________________

f. Issues raised: ______________________________

g. Approximate date of filing lawsuit: ______________________________

h. Approximate date of disposition ______________________________

**B. EXHAUSTION OF ADMINISTRATIVE REMEDIES**

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes ☐ No

   If your answer is no, explain why not N/A **See Complaint**

3. Is the grievance procedure completed? ☒ Yes ☐ No

   If your answer is no, explain why not N/A

4. Please attach copies of papers related to the grievance procedure.

**C. JURISDICTION**

This complaint alleges that the civil rights of plaintiff Aaron Alan Falls
(print plaintiff's name)

who presently resides at California State Prison Solano, P.O. Box 4000, Vacaville, CA ,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

**Riverside County Sheriff Department, Green/Gold Transportation Team and Medical**
(institution/city where violation occurred)

2. DEFENDANTS

1. Defendant Alyssa Vernal resides in Riverside County and is employed as a Correction Lieutenant of the Riverside County Sheriff's Department - Green/Gold Team Operations for Transportation. This defendant is being sued in her individual and official capacity.

Alyssa Vernal was acting under color of law in he capacity as Lieutenant of Riverside County Sheritt Department Transportation in charge of safe and secure transportation of inmates in the custody of the Riverside County Sheritt Dept. and failed in her duty when she allowed inmates to be transported in (bus) vehicles that did not comply with California seat belt restraint laws in which she knew or should have known of the elevated risk of injury to inmates, especially when inmates hands are secured with handcuffs secured to waist chains attached to two or three other inmates at the same time.

2. Defendant Maria C. Cudal resides in Riverside County and is employed as a health care provider in the capacity of her profession as a medical doctor. This defendant is being sued in her individual capacity .

Maria C. Cudal was acting under the color of law as a health care provider (physician) when she was deliberately indifferent to Falls medical needs as he suffered injuries from two (2) vehicle accidents and she failed to provide medical care.

3. Defendant Perez resides in Riverside County and is employed as a Deputy of the of the Riverside County Sheriff Department assigned to Transportation as a driver. This defendant is being sued in his individual capacity.

Perez was acting under color of law when he was the driver transporting inmates in an unsafe vehicle that was not in compliance with California seat belt restraint laws and driving in excess of the posted speed limit and for high traffic commute conditions injuring numerous inmates in a vehicle accident.

//

//

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

2. DEFENDANTS

4. Defendant Barrows resides in Riverside County and is employed as a Deputy of the Riverside Sheriff Department assigned to Transportation as a driver. This defendant is being sued in his individual capacity.

Barrows was acting under the color of law when he was the driver transporting inmates in an unsafe vehicle that was not in compliance with California seat belt restraint laws and driving out of control causing him to crash into a pole causing injuries to inmate passengers.

5. Defendant Conn resides in Riverside County and is employed as a Riverside County Deputy Sheriff's Sergeant assigned as Supervisor over administrative housing and medical appeals. This defendant is being sued in his individual capacity.

Conn was acting under the color of law when he failed to properly process Falls' medical and dental appeals, improperly processed appeals interfered with access to medical care when Falls suffered injury in two transportation vehicle accidents resultin in severe injuries in which Falls received no medical care.

//

//

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV. 8-72)

FACTS COMMON TO ALL CAUSES OF ACTION

1) At all times mentioned herein Aaron Alan Falls ("Falls") was housed at Smith Correctional Facility, Riverside County under the custody of the Riverside Sheriff's Department.

2) The Riverside Sheriff's Department contracts medical health care in their facility and are the gatekeepers to all medical requests and grievances.

3) The Riverside Sheriff transportation vehicles (bus) do not have seat belt restraint gear as required by California Law.

4) At all times mentioned herein Alyssa Vernal, assigned as Lieutenant of the Riverside County Transportation Department.

5) Note: On October 1, 2018 Falls broke a molar on a Jolly Rancher hard candy, he made a medical complaint and was ignored. As a result he had to take a stance by refusing to lock up due to the excessive pain. Falls was denied medical or dental care.

6) The transportation team at Riverside County Sheriff's Department policy security procedure for transporting inmates to court is securing the inmates in waist chains with hand-cuff restraints attached, and inmates secured together in groups of (2) two or (3) three. The drivers and transportation lieutenants are aware of the California vehicle restraint laws or have a responsibility to and know that a failure to wear seat belt restraint creates an elevated risk of harm to inmate passengers.

7) On October 4, 2018 at approximately 0600 hours during transportation of about (30) thirty inmates in route to court at Riverside Hall of Justice in which the driver deputy Perez was driving in excess of the speed limit and too fast for morning traffic conditions. Deputy Perez was driving on a downhill grade heading into the city of Riverside , traveling on Allesandro in excess of the posted speed limit. Many inmates along with myself yelled

//

for Deputy Perez to slowdown, a request which was ignored.

8) In the intersection of Arlington Avenue where Arlington turns into Chicago Avenue, Deputy Perez driving too fast for morning traffic conditions slammed on the brakes and collided with a Ford Eddie Bauer Edition Bronco.

9) Falls was secured to (2) two inmates in a seat on the passenger side of the bus in the second compartment of the vehicle in the first bench seat, left seat on the bench immediately behind a steel metal box tube and expanded metal door frame and sectional partition which separates inmates. Due to the aist chain restraint secured to handcuffs with no seat belt restraints fixed to the vehicle for use, Falls was unable to protect himself from inertia force and his face and mouth slammed into the metal door frame injuring his right eye, head, neck, suffering back injuries and broke his front tooth loosening it while still attached to the root causing severe pain. Approximately (7) seven other inmates also suffered injuries.

10) Riverside Fire Department & EMT arrived along with AMR Ambulance Service to take the occupant of the Ford Bronco to the hospital for emergency care for for his injuries suffered. Riverside Police Department arrived and investigated the scene of the accident, taking the names and booking numbers of injured inmate passengers on the Riverside County Sheriff Transportation bus.

11) Upon arrival at the Riverside Court at Cois Byrd Detention Center Falls was interviewed by Dr. Maria Cudal M.D. about his injuries sustained as a result of the vehicle accident. Falls informed Dr. Cudal that he hit his head on the right side, snapped his neck at the base of his skull, injured his back suffered right eye injury, broke his front tooth causing immense pain at the nerve. Dr. Cudal provided Tylenol. No other form of meical care was provided.

12) Falls was representing himself in pro persona in California Superior Court case #RIF1601225 and informed the court of the October 4, 2018 vehicle

//

T PAPER
OF CALIFORNIA

accident and the potential impact of the sustained injuries would have on litigating the court action with cranial and eye injuries. As a result of the information received by the court, the court issued a court order. Lt. Alyssa Vernal received the court order which required conformation from health care of Falls' physical health and ability to continue court proceedings.

13) Falls filed a inmate grievance form which he dated 10/4/18 - 10/5/18 received by Sgt. Ferguson ID #4417 The grievance pertained to the accident and the fact that he spoke to a nurse who informed him that he was scheduled and called for an appointment earlier in the day but refused. In that dialogue it was confirmed that the housing deputy sheriff's were interfering with Falls medical care. Sgt. Conn ID # 3196 was the supervisor and reviewer of the grievance complaint which was reviewed by him 10/11/18. Sgt. Conn's response was "Duplicate grievance original dated 10/6/18 @ 0842" But this grievance was dated 10/5/18.

14) Falls filed a grievance dated 10/5/18 received 10/6/18 by Sgt. McClellan ID # 3446 alleging, "Staff (deputies) have ignored the attempts to get medical attntion, medical slips, have been put in w/o regards to health issues." Sgt. Conn ID #3196 responded 10/11/18.

15) Falls filed a grievance dated 10/7/18 which contained attached declarations from other inmates involved in the October 4, 2018 vehicle accident Alfred Cisneros #201743467, Jacob A. Martinez #201835275 along with Falls' declaration as attachment alleging bus accident, injuries and failure to provide medical care. Sgt. Conn ID #3196 responded to the girevance on 10/11/18. Sgt. Ferguson ID #4417 was the initial reviewer of the grievance on 10/8/18.

16) At no time did any of the sergeants Ferguson ID #4417, McClellan ID #3446 or Supervisor Sgt. Conn ID #3196 properly respond to the grievances.

//

RT PAPER
E OF CALIFORNIA

The sergeants acted as gatekeepers to prevent the October 4, 2018 accident from being exposed and accepting liability, thus interfering with medical care. The supervisors (Sgt.) responses to all filed grievances stated the same thing; ":See medical responses" without further comment or action.

17) On October 10, 2018 Falls filed a grievance informing the deputy sherif gatekeeperes that he informed the Superior Court of Riverside County Judge Kooseci Department 51, of the failure to provide medical care after suffering severe injuries and requested of the sheriffs to inform mdical to provide a MRI for back injuries suffered and to be seen by the optometrist due to eye injury which causes blurry vision and migraine headaches. This particular grievance does not have a sergeant "Received by:" employee name and ID number as per grievance form procedure. Supervisor Sgt. Conn ID #3196 received the grievance and screened it 10/15/18 at 0930 hours. The usual findings "See m3dical response"

18) Based upon the fact Falls informed the Superior Court Judge Kooseci of the Sheriff's department interference with and failure to provide medical care during a October 10, 2018 court proceeding, Judge Kooseci issued a court order to investigate the matter.

19) On October 10, 2018 Falls was interviewed by Maria C. Cudal, M.D. Jail Physician at Southwest Detention Center jail named changed to Cois M. Byrd Detention Center. Even after this interview with Cudal, M.D. at which time Falls informed her of the severity of the injuries suffered from blunt force trauma of hitting his head causing migraines, eye causing blurry vision, neck back and shoulders causing spinal injuries and pain and broken tooth all Dr. Cudal did was promise to provide Tylenol.

Defendants sheriffs and medical staff finally made arrangements on October 11, 2018, seven (7) days after the sheriff department transportation

//

departments October 4, 2018 vehicle accident. At this time Maria C. Cudal, M.D informed Falls that he would be referred to the hospital for CT scan and opthamology during this interview. Falls also requested a support brace for his spinal injuries of the lumbar nature due to restricted mobility, sciatic nerve damage, neck and shoulder pain.

21) Falls filed a grievance to the deputy sheriffs in regards to the medical care interview. Again, this grievance did not have a "Received by:" employee name and ID number accepting responsibility of receiving this document. Sgt. Conn ID #3196 response date 10/22/18, with the same "Supervisor Findings: See medical response". Falls requested a lumbar support back brace, but medical provided a compression support brace. The injuries sustained required more support than provided by the compression brace due to the extreme limited range of motion in the back and spine.

22) On October 11, 2018 Lt. Alyssa Vernal interviewed Falls at approximately 1700 hours in regards to the Octobe 4, 2018 transportation accident. Lt. Alyssa Vernal initially starts this intervie by asking details of the accident to which Falls told her, the driver was speeding in a high traffic area, the bus passengers were waist chained together in twos (2's) and threes (3's), wrist restraints to waist chains and that there were no type of vehicle safety restraints available to prevent injury in an accident. Lt. Vernal asked specific details, such as time of accident, Falls responded October 4, 2018 at approximately 0600 hours on Allesandro Avenue in the city of Riverside enroute to the Robert Pressley Detention Center and court. Falls informed Lt. Vernal that Riverside Fire Department & EMT arrived and that AMR Ambulance Service arrived to take the driver of the other vehicle to emergency for his injuries and that the Riverside Police Department arrived to take statements and make reports of inmates, taking names and

//

booking numbers in which Falls and approximately thirty (30) inmates were Lt. Vernal asked what type of vehicle was involved in the accident with the transportation bus? Falls informed her that it was a late 90's Ford Explorer Eddie Bauer Edition , a dark blue or green color with beige trim. The driver of the vehicle was transported by AMR Ambulance Services to the hospital.

Lt. Vernal immediately stated, "There was no accident or Ford vehicle in an accident at all!" Then, she asked what injuries Falls sustained in the accident? Falls responded by stating, "I broke my tooth on the metal bar when my face hit the steel frame of the partition, as well as my right eye in the same fashion, that I also sustained neck and back injuries and suffered severe pain, the vision in my right eye is blurry and I have migraines. And, I have not received any medical care for my injuries."

Lt. Vernal responded by stating, "You sustained those injuries at other times and that the sheriff's department is not responsible and that you are fabricating everything." Falls responded, "I have kept records of all of his documents concerning his medical and dental prior to the accident, along with grievance forms submitted concerning deliberate indifference to injuries and medical needs and can provide evidence to cover the burden of proof necessary to support his position which is contrary to hers."

Lt.Vernal attempted to intimidate Falls with her position in the sheriff's department to change his story to match hers, and instructed several deputies to intimidate him and give him a hard time as well.

Then Lt. Vernal attempted to change tactics by asking, "What is it that you want?" Falls responded, "Medical care since the day of the accident (October 4, 2018), and an injury claim form that I may submit to the Riverside County Board of Supervisors." Lt. Vernal stated. "I don't know what form you're talking about." Agitated, she departed. A short time later a second deputy

//

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV. 8-72)

and took Falls to find a copy of the form. The form was copied and provided to Falls later that evening.

23) Falls contacted his family and informed them of the accident and the failure to provide medical care. Falls Mom spoke with Lt. Alyssa Vernal whose demeanor was less than professional. Falls Mother simply request that her son receive medical care for his injuries.

24) On October 12, 2018 Falls was a passenger on the Riverside Sheriff's transportation bus enroute to Riverside Hall of Justice for court proceedings. Deputy Barrows was the driver and Deputy Lundy was 2nd seat Deputy of transportation. Falls was seated on the passenger side of the bus third (3rd) compartment second (2nd) bench inside seat against interior wall of the bus. As the bus departed the loading area of Smith Correctional facility's transportation and intake, the driver was attempting to pass through an area where new construction was being conducted. Galvanized steel gate posts were erected on either side of the road, the driver of the bus struck one of the posts while making an extremely tight left turn the vehicle struck a post causing a sudden abrupt stop throwing the inmates forward in an inertia that caused Falls to further impact the existing back and neck injuries as he was unable to protect himself from injury due to no available vehicle safety seat belt Falls' [illegible] full body weight impacted the steel cage hitting his shoulder.

25) The only medical or dental action provided during the course of the two respective vehicle accidents October 4, 2018 and October 12, 2018 was an x-rays for neck and back, and a tooth extraction October 16, 2018 at Cois Byrd Detention Center.

26) On October 18, 2018 another CT scan and x-ray was conducted at Riverside University Health System was conducted.

27) Falls was sentenced October 19, 2018 for his California Superior Court

//

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV. 8-72)

County of Riverside case No. RIF1601225.

28) Based upon the Sheriff Departments delayed processing of Falls grievance appeals and Sgt. Conn's failure to interview Falls in regards to his appeals and the results, Sgt. Conn's actions in writing "refused" in place of properly processing the appeals rendered the results and process moot. As a result Falls was never treated for his injuries, never received results of his CT scan and there were no remedies available to process appeals further, no rules for for higher review of appeals were available in the housing units. Falls' Claim For Damages To Personal Property (see ¶ 22, pg. ) submitted 10/12/2018, filed 10/22/2018 was issued claim number 201823505 with Risk management.

29) October 30, 2018 Falls was transferred to Wasco State Prison. Falls filed medical requests in regards to injuries suffered in October 4th and 12th, 2018 vehicle accidents and Ct scans and x-rays were taken showing back injuries were apparent and conducted follow-up appointments to be seen by a physician. Falls is currently under medical care by the California Department of Corrections and Rehabilitation medical Health Care for eye injuries, back injuries and therapy.

30) At all times mentioned herein defendants Barrows, Conn, Maria Cudal, Fergurson, Lundy, McClellan and Alyssa Vernal were acting under the color of law.

31) Defendants are being sued in their individual personal capacities.

//

//

COURT PAPER
STATE OF CALIFORNIA

D. CAUSES OF ACTION

Count 1: United States Constitution Eighth Amendment - Deliberate Indifference to Elevated Risk of Injury - Cruel and Unusual Punishment in Vehicle Accident

32) Plaintiff incorporates by reference ¶¶ 1 through 32 and all causes of action

33) Defendant Deputies Lt. Alyssa Vernal and Perez placed Falls in a elevated risk of injury when they secured him in waist chains and fastened handcuffs to them and his wrist immobilizing his hands then secured him to two (2) other inmates and placed him on a transportation bus that does not have any seat belt restraint devices to prevent injury. Then this elevated hazardous condition of confinement was exacerbated by Deputy Perez' driving in excess of the posted speed limit, ignoring pleas by inmates to slow down and driving too fast for commute traffic on October 4, 2018, causing an accident in which he crashed the bus into a Ford Bronco injuring Falls and other inmates. Falls hit his head and mouth and still suffers eye damage, back and spinal injuries that affect his arms, wrist and legs, and broke his front tooth which had to be extracted.

34) Each defendant, Lt. Alyssa Vernal and Deputy Perez knew or should have known that a transportation vehicle that does not provide a means or measure of safety to prevent injury, i.e., seat belt restraint to prevent injury to its passengers was not fit for use on California highways and roads. In the face of the fact that seat belt restraint is California law Lt. Vernal as supervisor of Green/Gold Transportation Operations had a duty to know the law and intervene instead of placing Falls and approximately thirty inmates in danger. Yet, Lt. Vernal and Perez were deliberately indifferent to inmate safety, transporting inmates on vehicles that do not have safety restraint and binding their hands.

35) Defendant Lt. Alyssa Vernal and Deputy Barrows placed Falls in a elevated risk of injury on October 12, 2018 when they secured him in waist chains and fastened handcuffs to them and his wrist immobilizing his hands then secured

//

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV. 8-72)

him to two (2) inmates and placed him in a transportation bus that did not have any seat belt restraint device to prevent injury. Then this elevated hazardous condition of confinement was exacerbated by Deputy Barrows ran into a post and the abrupt stop caused Falls to his his shoulder and torso against the steel bus reinforcement bar injuring his back in which he already suffered injuries, his groin was injured and compression nerve damage in his spine, cruel and unusual punishment inflicted during bus transportation by Riverside County Sheriff Department Green/Gold Transportation Team Operations supervised by defendant Lt. Alyssa Vernal.

36) Each Defendant, Lt. Alyssa Vernal and Deputy Barrows placed Falls in a elevated risk of injury on October 12, 2018 when they knew or should have known that a transportation vehicle that does not provide a means or measure of safety, i.e., seat belt restraint device to prevent injury to its passengers was not fit for use on California highways and roads. In face of the fact that seat belt restraint is California law, Lt. Vernal as supervisor of Green/ Gold Team Transportation Operations had a duty to know the law and intervene in making sure the vehicles were in compliance with California law instead of placing Falls and thirty (30) inmates in danger. Yet, Lt. Vernal and Barrows were deliberately indifferent to inmate safety, transporting inmates in vehicles without restraint devices. Each defendant had an opportunity to intervene in the dangerous condition of transportation but failed to do so.

37) The defendants Lt. Alyssa Vernal, Deputy Barrows and Deputy Perez actions or inactions in transporting Falls in transportation vehicles unsafe for California highway and road conditions resulted in Falls suffering cruel and unusual punishment being slammed into metal bars and cages inside of transportation vehicles without seat belt restraint in accidents on October 4, 2018 and October 12, 2018 causing Falls to suffer to this day, migraines headahes,

//

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV. 8-72)

broken front tooth that had to be extracted and is permanently loss, hernia requiring a support device, neck, back and spinal injuries which causes pain and tingling of the nerves down the arms and legs requiring wrist and back supportive devices. Falls has been prescribed eyewear due to his permanently distorted blurry vision from hitting his eye on the steel bar during the accidents. Falls injuries require physical therapy which he is unable to do because of the pain it causes him in his back and spinal area.

//

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

D. CAUSES OF ACTION

Count 2: United States Constitution Eighth Amendment - Deliberate Indifference to Serious Medical Need - Interference, Denial

38) Plaintiff incorporates by reference ¶¶ 1 through 37 and all causes of action

39) Defendant Deputy Sergeant Conn interfered with Falls grievance appeals by failing to interview Falls ¶ 28, and passing the appeals back and forth beteen defendant Maria C. Cudal, M.D. delaying process resolution of the medical care request. Ultimately Falls was denied medical care after suffering injuries from two (2) transportation vehicle accidents October 4, 2018 and October 12, 2018. Falls suffered from blunt force trauma hitting his head, eye and mouth on metal bar injuring his head, eye, neck and back causing back lumbar injuries, spinal nerve injuries causing loss of feelings in his legs, arms and wrist requiring support braces, eye damage requiring eye wear prescription, cracked front tooth requiring tooth extraction and possible prosthetic, back injury requiring back brace, Falls also has to wear a hernia support brace from the injuries suffered in the two accidents. Falls was denied medial care while under the custody of the Riverside Sheriff Department. Falls suffered unwanton infliction of pain and the defendants who Maria C. Cudal (¶ 11, Lns. 20-25 and appeals), Lt. Alyssa Vernal as supervisor of Green/Gold Transportation Operations (¶ 22), and Sgt. Conn assigned as Supervisor of housing and medical care appeals who reviewed all of the medical care request grievances filed by Falls. Based upon the actions and/or inactions of defendants Conn, Cudal and Vernal in depriving Falls of medical care after suffering serious injuries he suffered unnecessary and wanton infliction of pain. Their knowledge of the injuries and failure to provide medical care was evidence of their deliberate indifference, transferring Falls the the California Department of Corrections & Rehabilitation October 30, 2018.

//

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

40) Each defendant Maria C. Cudal, M.D., Lt. Alyssa Vernal, Sgt. Conn, Deputy driver Barrows and Deputy driver Barrows had a duty and opportunity to ensure Falls was provided medical care for the serious injuries sustained in bus accidents that occurred on two occasions October 4, 2018 and October 12, 2018 resulting in serious bodily injury and unnecessary and wanton infliction of pain which was ignored by defendants deliberate indifference to Falls suffrage when he should have been free from cruel and unusual punishment at the mercy of defendant's care. The defendants ignored his pleas for medical through requests, grievances and court intervention (court mandated inquiry).

//

//

OURT PAPER
ATE OF CALIFORNIA
D 113 (REV. 8-72)

D. REQUEST FOR RELIEF

Compensatory Damages: $500,000.00 each Defendant jointly and severally

Punitive Damages $100,000 each Defendant jointly and severally

Injunctive Relief: Prohibit Riverside County Sheriff Department from transporting inmates in vehicles that do not comply with California seat belt restraint law and issue a Court Order to have all Riverside County transportation vehicles have seat belt restraint installed in compliance with California law,

Defendant declare rights of Falls,

Defendant pay cost of litigation and/or attorney fees incurred,

Demand for Jury trial

//

//

VERIFICATION

I Aaron Alan Falls declare under the penalty of perjury of the laws of the state of California and the United States that I am above the age of majority, competent, have full knowledge of the facts mentioned herein and that they are true and correct, pursuant to 28 U.S.C. § 1746.

Date: 11·12·2019

Aaron A. Falls

Aaron Alan Falls / Pro Per

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV. 8-72)

Aaron Alan Falls (BH6927)
CSP Solano Level III / Fac A Bld 6
P.O. Box 4000
Vacaville, California 95696

CSP SOLANO
STATE PRISON

US POSTAGE PITNEY BOWES
ZIP 95687 $ 002.35[0]
02 1W
0001394526 NOV 27 2019

RECEIVED
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION BY DEPUTY

California State Prison-Solano

George E. Brown Jr.
Federal Building and Courthouse
3470 Twelfth Street
Riverside, California 92501-3000

LEGAL MAIL

CONFIDENTIAL
LEGAL MAIL

11/26/19