UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                              Date: February 7, 2020

Title: *Aaron Alan Falls v. Alyssa Vernal, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff Aaron Alan Falls ("Plaintiff"), currently a prisoner at California State Prison, Solano ("CSP Solano") proceeding pro se and *in forma pauperis*, filed a Complaint alleging violations under 42 U.S.C. § 1983 against five named defendants in their individual capacities, with one defendant, Alyssa Vernal, sued in both her official and individual capacities (collectively, "Defendants"). [Dkt. No. 1]. Plaintiff asserts two Eighth Amendment claims for deliberate indifference. [Id.].

The Court is required to screen pro se complaints brought by prisoners and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the Complaint and views all inferences in the light most favorable to Plaintiff. See Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court construes the Complaint liberally because Plaintiff is proceeding pro se. Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                              Date:  February 7, 2020

Title:  Aaron Alan Falls v. Alyssa Vernal, et al.

## II.     EIGHTH AMENDMENT VS. FOURTEENTH AMENDMENT CLAIMS

The Eighth and Fourteenth Amendments each provide protections from "deliberate indifference."  See Castro v. County of Los Angeles, 833 F.3d 1060, 1067 1068 (9th Cir. 2016).  However, the Fourteenth Amendment applies to persons not yet convicted while the Eighth Amendment applies to inmates who have been convicted.  See id.  As such, there are different standards applicable depending on whether Plaintiff was convicted or not at the time the events occurred.

For Eighth Amendment claims, Plaintiff must allege two requirements in order to demonstrate deliberate indifference to his safety.  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  The first requirement is that "the deprivation alleged must be, objectively, sufficiently serious" such that there is "a substantial risk of serious harm."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  The second requirement is that the prison official has a "sufficiently culpable state of mind" indicating "only the unnecessary and wanton infliction of pain."  Id.  To establish an Eighth Amendment violation for deliberate indifference to a prisoner's medical needs, a prisoner must allege that the officials' indifference was deliberate.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk.  Farmer, 511 at 837.  The conduct must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of deliberate indifference.  See Estelle v. Gamble, 429 U.S. 97, 104-07 (1976); see also Toguchi, 391 F.3d at 1060 ("[a] showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment[.]").

To state a deliberate indifference claim under the Fourteenth Amendment, a pretrial detainee must show "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at a substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."  Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  Such claims are evaluated by an objective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                           Date:  February 7, 2020

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

standard under which plaintiffs must prove "more than negligence but less than subjective intent—something akin to reckless disregard." Id. at 1124-25 (quoting Daniels v. Williams, 474 U.S. 327, 330-31 (1996)) (internal quotation marks omitted).

As pled, the Complaint does not clearly identify Plaintiff's status at the time of the alleged events and, as such, Plaintiff must determine whether amendment is necessary to assert Fourteenth Amendment claims rather than Eighth Amendment claims.

### III.    OFFICIAL CAPACITY CLAIM AGAINST DEFENDANT VERNAL

Plaintiff sues Riverside County Sheriff's Department Lieutenant Alyssa Vernal in her personal and her official capacity.  An official capacity claim is a claim against the entity that employs the defendant.  See Cmty. House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966-67 (9th Cir. 2010) (treating an official capacity suit as a suit against the local government unit).  A local governmental entity, such as a city or, here, a county, may be a proper defendant in a Section 1983 action.  Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 n. 54 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986) (applying Monell's analysis of municipal liability to counties).

To assert a valid Section 1983 claim against a county, otherwise known as a Monell claim, a plaintiff must show both a deprivation of constitutional rights and a departmental policy, custom, or practice that was the "moving force" behind the constitutional violation.  Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008).  There must be "a direct causal link between a [county] policy or custom and the alleged constitutional deprivation."  See id. (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).

The Complaint does not assert a departmental policy, custom, or practice that was the "moving force" behind the alleged constitutional violations, or the "direct causal link" between that policy or custom and the alleged Eighth Amendment violations.  As such, the official capacity claim against defendant Vernal is dismissed.

If Plaintiff wishes to pursue a claim against the County, Plaintiff must file a First Amended Complaint that includes a Monell claim meeting the pleading standard described above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                                      Date:  February 7, 2020

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

## IV.     ADDITIONAL CLAIM

As pled, the Complaint is unclear whether Plaintiff seeks relief for the denial of dental care related to breaking a molar on a Jolly Rancher.  [Dkt. No. 1, p. 5].  If Plaintiff intends to do so, the First Amended Complaint must clearly indicate this.

## V.     CONCLUSION

**The Complaint is hereby dismissed with leave to amend.  Plaintiff must elect to proceed with one of the following options by no later March 9, 2020.**

### A.     Option 1 – File an Amended Complaint

Plaintiff may file a First Amended Complaint that cures the defects identified in this order.  In doing so, Plaintiff must provide a short, plain statement of what happened, identify the claims against each defendant, and clearly describe each defendant's wrongful conduct.  See Twombly, 550 U.S. at 555 (a complaint should contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'").  Plaintiff must clearly identify each defendant being sued and the capacity in which Plaintiff is suing each defendant.  Also, Plaintiff must state specific facts meeting the pleading requirements for each claim.  Plaintiff is encouraged to use the attached Central District of California civil rights complaint form when filing the First Amended Complaint.

Plaintiff is advised that an amended complaint supersedes the prior complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  This means that the filing of an amended complaint entirely supplants or replaces the original or any prior complaint, which is "treated thereafter as nonexistent." Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal citations omitted); see also Charles Alan Wright, et al., 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. Aug. 2019 Update) ("[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                                          Date:  February 7, 2020

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

be directed at the amended pleading."). Therefore, the First Amended Complaint should contain all claims Plaintiff intends to bring against all defendants. The amended complaint will be subject to further screening by the Court before service on any defendant will be ordered.

To select Option 1, Plaintiff must file a First Amended Complaint by the deadline set forth above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint.

### B.      Option 2 – Voluntarily Dismiss

Plaintiff may elect to voluntarily dismiss the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) by filing a Notice of Dismissal.

To select Option 2, Plaintiff must file the Notice of Dismissal by the deadline set forth above. The Clerk is directed to provide Plaintiff with a Notice of Dismissal Form (CV-009).

### C.      Option 3 – Proceed On Complaint Without Amendment

Plaintiff may elect to proceed with the Complaint in its current form. If Plaintiff selects Option 3, it may be viewed by the Court as the inability to cure the defects identified in this order. As such, the Court may recommend dismissal of the identified as deficient in this order with prejudice to the District Judge. Dismissal with prejudice means that Plaintiff will be given no further opportunities to amend and Plaintiff will not be able to assert this same claim in a new case. In addition, this process may delay service of the Complaint.

To select Option 3, Plaintiff must file a statement with the Court stating that he wishes to proceed on the Complaint, despite the infirmities described in this order, by the deadline set forth above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                                      Date:  February 7, 2020

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

### D.     Option 4 – Proceed Now on Portions of the Complaint.

Plaintiff may elect to proceed now on portions of the Complaint.  If Plaintiff was convicted, and not a pre-trial detainee, at the time of the events alleged in the Complaint, Plaintiff may elect to proceed against all defendants in their personal capacity.  <u>If Plaintiff elects Option 4, the Court will order the Complaint served on all defendants in their personal capacity</u>.

To select Option 4, by the deadline set forth below, Plaintiff must file a statement with the Court that clearly describes Plaintiff's status at the time of the events in the Complaint and states Plaintiff chooses to proceed on Option 4.

### VI.    CONCLUSION

Plaintiff must respond to this order **by no later than March 9, 2020**.

**Plaintiff is expressly warned that failure to timely respond to this Order may result in a recommendation to the District Judge that this action be dismissed for failure to state a claim, for failure to prosecute, and/or for failing to obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Initials of Clerk <u>kh</u>