UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                                    Date: April 28, 2020

Title: *Aaron Alan Falls v. Alyssa Vernal, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|  Kristee Hopkins  | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Plaintiff(s):           Attorney(s) Present for Defendant(s):
None Present                                                      None Present

**Proceedings:**    **(IN CHAMBERS) ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

## I.   INTRODUCTION

Plaintiff Aaron Alan Falls ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed a First Amended Complaint ("FAC") alleging violations under 42 U.S.C. § 1983 ("Section 1983") for events related to two automobile accidents that occurred while Plaintiff was a pretrial detainee in custody of the Riverside County Sheriff's Department on a Sheriff's Department bus.  [Dkt. No. 10].  Plaintiff asserts two Fourteenth Amendment claims for deliberate indifference to medical need and two deliberate indifference to safety claims, respectively, against the County of Riverside, Riverside County Sheriff's Department, Corrections Officer Alyssa Vernal, Maria Cudal, M.D., Deputy Perez, Deputy Barrows, Sergeant Conn, and ninety-one Doe defendants (collectively, "Defendants").  [Id.].

The Court is required to screen pro se complaints brought by prisoners and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(a)-(b)(1).  In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the Complaint and views all inferences in the light most favorable to Plaintiff.  See Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Bell Atlantic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                                        Date: April 28, 2020

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court construes the Complaint liberally because Plaintiff is proceeding pro se.  Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

Plaintiff has sufficiently alleged a claim for deliberate indifference to safety against defendant Deputy Perez in his individual capacity related to the first accident between the bus he was a passenger on and a third-party car.  Without additional delay, Plaintiff may proceed on this claim alone by following the instructions for selecting Option 1, described in more detail at the end of this order.  As will be explained in more detail below, this is the only claim that is currently adequately pled in the FAC.

### II.     PRELIMINARY MATTERS

The FAC includes dozens of pages of attachments without any explanation as to the context or applicability.  Plaintiff is reminded he must provide a "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555.  To the extent Plaintiff wishes to include attachments at this time, all attachments should come after the complaint, and clearly labeled as exhibits or attachments.

### III.    FAILURE TO STATE A FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE TO MEDICAL NEED

Plaintiff has not stated a claim for deliberate indifference to medical need against any of the Defendants.  Plaintiff asserts "Claim 2" is brought pursuant to the Eighth Amendment, but later states this claim is brought pursuant to the Fourteenth Amendment.  As Plaintiff asserts, he was not yet convicted and sentenced at the time of the events in the complaint, so these claims are properly brought pursuant to the Fourteenth Amendment.

Claims brought by a pretrial detainee under Section 1983 for violations of the right to adequate medical care are "evaluated under an objective deliberate indifference standard."  Gordon v. Cty. of Orange, 888 F.3d 1118, 1124-1125 (9th Cir. 2018) (citations omitted).  To state a deliberate indifference claim under the Fourteenth Amendment, a pretrial detainee must show "(i) the defendant made an intentional decision with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                                  Date:  April 28, 2020

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at a substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Gordon, 888 F.3d at 1125. As such, the plaintiff must prove "more than negligence but less than subjective intent— something akin to reckless disregard." Id. at 1124-25 (quoting Daniels v. Williams, 474 U.S. 327, 330-31 (1996)) (internal quotation marks omitted).

Plaintiff alleges Dr. Cudal failed to treat him after he sustained injuries during two separate accidents between the Sheriff's Department bus on which he was a passenger, and another vehicle.  These accidents occurred eight days apart in October 2018.  [Dkt. No. 10, p. 68].  Plaintiff alleges he informed Dr. Cudal that he "hit his head on the right side, snapped his neck at the base of his skull, injured his back, suffered a right eye injury, broke his front tooth causing immense pain at the nerve".  Plaintiff alleges Dr. Cudal only gave him Tylenol and that "no other form of medical care was provided".  [Id. at p. 63].  Plaintiff alleges he attempted to file grievances related to the lack of medical treatment which he alleges the remaining individual defendants interfered with.  The FAC alleges that a week later, at another appointment with Dr. Cudal, a CT scan and ophthalmology referrals were made and a compression support brace was provided.  [Id. at p. 66].  The FAC further alleges that he was transferred to Wasco State Prison on October 30, 2018 where he received CT scans, x-rays and is currently receiving medical care for eye injuries, back injuries and therapy.  [Id. at p. 69].

Plaintiff does not allege any personal knowledge of his medical needs by anyone other than Dr. Cudal.  Further, Plaintiff's belief that he required immediate, additional or different medical treatment does not necessarily mean that defendants failed adequately to respond.  To the contrary, Plaintiff's statement that he received x-rays, support braces, prescription eyewear, tooth extraction, a hernia support brace, physical therapy, and Tylenol reflects that Plaintiff's medical needs were responded to.  [Dkt. No. 10, pp. 68, 72].

Thus, the only "failure to respond" alleged by Plaintiff is delay in treatment.  However, Plaintiff has not alleged the delay in treatment caused an injury.  See Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging delay of medical treatment evinces deliberate indifference must show delay led to further injury); see also Shapley

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                                    Date:  April 28, 2020

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) ("mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference"); Hernandez v. Woods, 731 F. App'x 643, 646 (9th Cir. 2018) (even assuming officer caused a delay in treatment, there was "no evidence any harm resulted").

In addition, Plaintiff's seeming disagreement with Dr. Cudal over treatment of his injuries does not rise to a constitutional violation.  [Dkt. No. 10, pp. 63, 65]. "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (citation omitted).  Plaintiff fails to state any claim for deliberate indifference to medical need against any defendant.

### IV.     MEDICAL NEGLIGENCE

Plaintiff alleges a claim for "medical negligence" against Dr. Cudal pursuant to the Fourteenth Amendment that must be dismissed.  [Dkt. No. 10, p. 60].  Medical negligence is not a basis for a Section 1983 claim because it is not a constitutional violation.  Estelle v. Gamble, 429 U.S. 104, 106 (1976) ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment . . . Medical malpractice does not become a constitutional violation merely because the victim is a prisoner[.]").  Plaintiff's Fourteenth Amendment "medical negligence" claim must be dismissed.

### V.     FAILURE TO STATE A FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE TO SAFETY CLAIM FOR SECOND ACCIDENT

Although Plaintiff adequately alleges a Fourteenth Amendment claim for deliberate indifferent to safety with regarding to the first automobile accident, he does not do so for the second accident.  The second accident occurred on October 12, 2018. [Dkt. No. 10, p. 68].  Plaintiff asserts he was transported on a vehicle that did not have seat belts available for detainees and the driver of the vehicle completed a "tight" turn and struck a post.  [Id.].  Plaintiff alleges he was thrown forward resulting in "further impact" to "existing back and neck injuries".  [Id.].

The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are: (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                              Date:  April 28, 2020

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.  Castro v. Cty. of L.A., 833 F.3d 1060, 1071 (9th Cir. 2016).  Such claims are evaluated by an objective standard under which plaintiffs must allege "more than negligence but less than subjective intent—something akin to reckless disregard."  Gordon, 888 F.3d at 1124-25.

Merely transporting detainees in a vehicle without available seat belts does not present a "substantial risk of [suffering] serious harm."  See Castro, 833 F.3d at 1071; Spencer v. Knapheide Truck Equip. Co., 183 F.3d 902, 906 (8th Cir. 1999) (holding that use of vehicles without safety restraints did not present a "substantial risk of serious harm"); Groce v. Smith, 2015 U.S. Dist. LEXIS 104555, at *2 (M.D. Tenn. Aug. 10, 2015) ("[T]ransporting inmates without seatbelts alone does not amount to . . . deliberate indifference[.]"); Foreman v. Unnamed Officers of the Fed. Bureau of Prisons, 2010 U.S. Dist. LEXIS 68022, at *6-7 (D. Md. July 7, 2010) (noting that to find a constitutional violation, "courts . . . require something more than the simple lack of a safety belt during transport").  However, several federal courts have recognized that the failure of a correctional officer to secure the seat belt of an inmate—when combined with other facts—may state a claim.  See, e.g., Brown v. Fortner, 518 F.3d 552, 560 (8th Cir. 2008) (inmate stated a claim where he alleged he asked to have seat belt fastened but was denied, and where officer drove recklessly and ignored requests from inmate passengers to slow down); Kemp v. Webster, 2012 U.S. Dist. LEXIS 148438, at *7 (D. Colo. Oct. 16, 2012) ("[T]ransporting a cuffed and shackled inmate, unrestrained, in a vehicle that is erratically changing lanes, fishtailing, and following too closely is clearly reckless[.]"); Pendleton v. Schroeder, 1998 U.S. Dist. LEXIS 7790, at *2 (N.D. Cal. May 22, 1998) (plaintiff stated a cognizable claim when transported in a van without seat belts that was driven dangerously fast resulting in a collision).

The second accident that occurred on October 12, 2018 only involved a lack of seat belts and a single "tight" turn.  This does not present the necessary circumstances to indicate Plaintiff was at a "substantial risk of serious harm", nor does it show something akin to "reckless disregard" by any of the defendants.  These meager allegations are insufficient to state a claim and stand in contrast to the facts alleged about the first accident that occurred on October 4, 2018 which involved a bus without seat belts, defendant Deputy Perez speeding, unheeded repeat requests by passengers to slow down, a resulting collision with another vehicle, and injury to Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                              Date:  April 28, 2020

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

### VI.   *MONELL* CLAIMS AND SUPERVISORY LIABILITY FOR DELIBERATE INDIFFERENCE TO SAFETY

Plaintiff fails to properly allege Monell claims or supervisory liability.  Plaintiff sues the County of Riverside, the Riverside Sheriff's Department ("Sheriff's Department") and Riverside County Sheriff's Department Lieutenant Alyssa Vernal ("Officer Vernal") in their individual and official capacities.  All other defendants are sued in their individual capacities.  An official capacity claim is a claim against the entity that employs the defendant.  See Cmty. House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966-67 (9th Cir. 2010) (treating an official capacity suit as a suit against the local government unit).  Here, the official capacity claim against Officer Vernal is really a claim against the County of Riverside, which is also a defendant.  As such, this claim is dismissed as duplicative.

Plaintiff alleges a practice by the County and the Sheriff's Department of transporting inmates in vehicles without seat belts in violation of California state law.  Plaintiff is incorrect.  California Vehicle Code Section 34501(a) exempts local law enforcement agencies engaged in the transportation of inmates or prisoners.  Further, California Vehicle Code Section 27315, regarding seat belt use, only applies to the driver and passengers of a "passenger vehicle, motortruck, or truck trailer".  A "passenger vehicle" excludes a "bus".  Cal. Veh. Code § 465.  Plaintiff asserts he was transported with around thirty detainees, showing he was transported on a vehicle "designed, used, or maintained for carrying more than 15 persons including the driver."  Id. at § 233(a).  As such, Plaintiff describes a "bus", which the mandatory use of seat belts does not apply to.

It has also been well recognized that inmates who are transported by correctional officers do not have a constitutional right to the use of seat belts, and the use of seat belts on a prison bus can actually present safety concerns.  See, e.g., Jabbar v. Fischer, 683 F.3d 54, 58 (2d Cir. 2012) ("[W]e . . . hold that the failure of prison officials to provide inmates with seatbelts does not, without more, violate the Eighth . . . Amendment[]."); Ortiz v. Garza, 2016 U.S. Dist. LEXIS 48576, at *9-10 (E.D. Cal. Apr. 7, 2016) ("[A] bus seatbelt is not a life necessity. While seatbelts may offer 'reasonable safety' for the general public, on a prison bus their presence could present safety and security concerns. Inmates, even handcuffed or otherwise restrained, could use seatbelts as weapons to harm officers, other passengers, or themselves[.]").  As such, Plaintiff has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                                              Date: April 28, 2020

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

failed to allege facts that would establish Monell liability on the part of the County of Riverside.

Plaintiff also appears to assert supervisory liability against the Sheriff's Department and Defendant Vernal for allowing deputies and subordinates to transport detainees in vehicles without seat belts.  Government officials are not liable under Section 1983 simply because their subordinates engaged in allegedly unconstitutional conduct.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  To hold a supervisor liable for a civil rights violation, Plaintiff must allege facts showing the supervisor defendants either: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Transporting inmates in a vehicle without seat belts, without more, does not violate a constitutional right.  Without an underlying wrong, there is not supervisory liability.

### VII.  PLAINTIFF'S OPTIONS

**Plaintiff must elect to proceed with one of the following options by no later May 28, 2020.**

#### A.  Option 1 – Proceed Now on Portions of the Complaint

Plaintiff may elect to proceed now on a claim of Fourteenth Amendment deliberate indifference to safety for the first transportation accident that occurred on October 4, 2018 against defendant Perez in his individual capacity only.  If Plaintiff elects Option 1, the Court will order the FAC served on only this defendant in his individual capacity only.

To select Option 1, by the deadline set forth above, Plaintiff must file a Notice of Election which states Plaintiff selects Option 1, chooses to proceed only on the deliberate indifferent to safety claim against defendant Perez in his individual capacity.  Upon timely receipt of Plaintiff's Notice of Election of Option 1, the Court will direct the Clerk

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                              Date: April 28, 2020

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

to issue summonses on the FAC for defendant Perez, in his individual capacity, and will commence the process of directing service of that defendants by the United States Marshal Service, with Plaintiff's assistance.  All other claims and defendants will be dismissed without prejudice.

### B.     Option 2 – File an Amended Complaint

Plaintiff may file a Second Amended Complaint that cures the defects identified in this order.  In doing so, Plaintiff must provide a short, plain statement of what happened, identify the claims against each defendant, and clearly describe each defendant's wrongful conduct.  See Twombly, 550 U.S. at 555 (a complaint should contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'").  Plaintiff must clearly identify each defendant being sued and the capacity in which Plaintiff is suing each defendant.  Also, Plaintiff must state specific facts meeting the pleading requirements for each claim.  Plaintiff is encouraged to use the attached Central District of California civil rights complaint form when filing the Second Amended Complaint.

Plaintiff is advised that an amended complaint supersedes the prior complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  This means that the filing of an amended complaint entirely supplants or replaces the original or any prior complaint, which is "treated thereafter as nonexistent."  Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal citations omitted); see also Charles Alan Wright, et al., 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. Aug. 2019 Update) ("[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.").  Therefore, the Second Amended Complaint should contain all claims Plaintiff intends to bring against all defendants.  The amended complaint will be subject to further screening by the Court before service on any defendant will be ordered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JLS (ADS)                                      Date:  April 28, 2020

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

To select Option 2, Plaintiff must file a Second Amended Complaint by the deadline set forth above.  The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint.

### C.     **Option 3 – Proceed On Complaint Without Amendment**

Plaintiff may elect to proceed with the First Amended Complaint in its current form.  If Plaintiff selects Option 3, it may be viewed by the Court as the inability to cure the defects identified in this order.  As such, the Court will recommend dismissal of the claims identified as deficient in this order with prejudice to the District Judge.  Dismissal with prejudice means that Plaintiff will be given no further opportunities to amend and Plaintiff will not be able to assert this same claim in a new case.  In addition, this process may delay service of the Complaint.

To select Option 3, Plaintiff must file a statement with the Court stating that he wishes to proceed on the First Amended Complaint, despite the infirmities described in this order, by the deadline set forth above.

### D.     **Option 4 –Voluntarily Dismiss**

Plaintiff may elect to voluntarily dismiss the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) by filing a Notice of Dismissal.

To select Option 4, Plaintiff must file the Notice of Dismissal by the deadline set forth above.  The Clerk is directed to provide Plaintiff with a Notice of Dismissal Form (CV-009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:19-02311 JLS (ADS)                    Date: April 28, 2020

Title: *Aaron Alan Falls v. Alyssa Vernal, et al.*

**Plaintiff is expressly warned that failure to timely respond to this Order may result in a recommendation to the District Judge that this action be dismissed for failure to state a claim, for failure to prosecute, and/or for failing to obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Initials of Clerk kh