Aaron Alan Falls
FULL NAME
Same
COMMITTED NAME (if different)
CSP Solano Level III
FULL ADDRESS INCLUDING NAME OF INSTITUTION
Fac. A/Bldg.6 125 Low
PO Box 4000 2100 Peabody Rd
Vacavile Ca. 95696
PRISON NUMBER (if applicable)
BH6927



FILED
CLERK, U.S. DISTRICT COURT

JUN - 3 2020

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER **5:19-cv-02311-JLS-ADS**

*To be supplied by the Clerk*

AARON ALAN FALLS

PLAINTIFF,

v.

County of RIVERSIDE ET, AL.,

DEFENDANT(S).

**SECOND AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  x☒xNo

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

---

**CIVIL RIGHTS COMPLAINT**

a.  Parties to this previous lawsuit:
    Plaintiff _____

    AARON A. FALLS #BH6927

    Defendants _____

    County of Riverside, ET, AL Defendants thru 99

b.  Court _____

    _____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it
    appealed?  Is it still pending?) _____

f.  Issues raised: _____

    _____

    _____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
    occurred? ☒ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes    ☐ No

    If your answer is no, explain why not ____ N/A SEE COMPLAINT _____

    _____

    _____

3.  Is the grievance procedure completed? ☒ Yes    ☐ No

    If your answer is no, explain why not ____ N/A _____

    _____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____ Aaron Alan Falls _____
                                                              (print plaintiff's name)
who presently resides at _____ CSP Solano, PO Box 4000, Vacaville, Ca. 95696 ____,
                                (mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

____ Dep. E. Vernal, Dep. Perez, Dep.Barrows, Dep. Lundy-Riverside Cty ____
                            (institution/city where violation occurred)

____ John & Jane Does, Riverside County Medical Cntr.,4000 Orange St. ____

on (date or dates) __October 4th, 2018__   __Oct. 4th 2018__,   __Oct. 12th 2018__
(Claim I)                (Claim II)              (Claim III)

NOTE:      You need not name more than one defendant or allege more than one claim. If you are naming more than
five (5) defendants, make a copy of this page to provide the information for additional defendants.

*Thru to 99 named John & Jane do*

1.  Defendant __Please see attached pages named Defendants_____ resides or works at
(full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

2.  Defendant    __Please attached pages named Defendants_____ resides or works at
(full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

3.  Defendant __Please see attached pages named Defendants_____ resides or works at
(full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**CIVIL RIGHTS COMPLAINT**

4. Defendant       Please see attached pages named Defendants     resides or works at

(full name of first defendant)

(full address of first defendant)

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

5. Defendant       PLease see attached pages named Defendants resides or works at

(full name of first defendant)

(full address of first defendant)

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

**D. CLAIMS\***

CLAIM I

The following civil right has been violated:

Please see attached pages named CLAIMS

Defendant I ; DEP PEREZ, 14th ammend DUE process, deliberate indifference to Safety ; Defendant II ; Barrow, 14th ammend Due process, deliberate indifference to safety ; Defendant III : County of Riverside 14th ammend. failure to protect, constitutional deprivations pursuant to governmental custom / Policy ie Greivance proceedures & response medical attention& responses delay of medical treatment due to procedure to include dental injuries. Defendant Through 1 , 8 14th ammend right to be free constitutional deprivations ie Alyssa Vernal, Sgt Conn, Sgt McClellan, Sgt Ferguson, Dr. Maria Cudal Defendant 9 ; Dr Maria Cudal, 14th ammendment, right to adequate medical care, deliberate, indifference, failure to address medical needs, medical negligence, cruel & unusual punishment, intentional deprivation of medical care by delay & denial of treatment, failure to provide adequate proceedure,

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Please see attached pages Named Causes to all actions

\**If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

Please see attached page named Requested relief.

5/27/2026
_(Date)_

_(Signature of Plaintiff)_

DEFENDANTS

Defendant I:

Defendant Deputy Perez resides in Riverside County and is employedas a Deputy to the Riveside County Sheriff, assigned to transportation as a driver.

Defendant Perez is being sued in his individual Capacity

October 4th, 2018, Acting under the color of law as a transportation driv, transporting inmates for the County of Riverside in an unsafe manner, driving in excess of the posted speed limit while in high traffic commute conditions with regard for the saetwell being of his passangers injuring numerous inmates in a vehicular accident.

Defendant II:

Defendant Deputy Barrows resides in Riverside County and is employed as a Deputy to the Riverside County Sheriff assigned to transportation as a driver.

Deputy Barrows is being sued in his individual capacity

October 12th, 2018 acting under the color of law as a transportation driver, transporting inmates for the County of Riverside, did operate a county transportation vehicle with deliberate indifference, and reckless disregard for the safety and welfare of inmate passengers byignoring safe driving practice in an area under heavy construction, recklessly driving into a stationary gate post injuring numerous inmates in a vehicular accident.

(I)

DEFENDANTS

1   Defendant III

2   County of Riverside and Associated entities

3   Defendant/s are being sued in its official capacity.

4

5   The Riverside County and associated entities, while acting under

6   the color of law as Administrative body over the Riverside County

7   Sheriff's Department and its associated personnel failed in its

8   duty to:

9   (1) Failed to provide the appropriate procedural safeguards and

10  responses to medical needs, injuries, or responses to those

11  injuries sustained on the dates of October 4th, 2018, and October

12  12th, 2018, by numerous passengers of busses operated by the

13  Riverside County Sheriff involved in 2 seperate accidents, October

14  4, 2018, and October 12, 2018, as a matter of policy said

15  defendants did delay medical response and treatment in a

16  contributory fashion exacerbating injuries while in county custody.

17

18

19

20

21

22

23

24

25

26

27

28

(II)

DEFENDANTS

1   Defendant, ~III~: I✓

2   Defendant Riverside County Sheriff"s Department

3   This Defendant is being sued in it's official capacities.

4

5   The Riverside County Sheriff, while acting under the color of

6   law in it's capacity as Correctional Agent in charge of;:

7   (1) Housing

8   (2) Medical

9   (3) Transportation

10  (4) Health, Safety & Wellfare  of the inmate population while in

11  their custodyfailed through the dates of October 4th, 2018 and

12  October 30th, 2018 in it's duty to :

13  (1) Transport inmate passangers without injury to court

14  proceedings. ( 10-4-18, 10-12-18)

15  (2) Provide undelayed, and adequate medical attention and

16  treatment after injuries sustained invehicular accidents due to

17  officers reckless disregard, and deliberate indiference to safety

18  while operating a county vehicle transporting inmate passangers.

19  (3) Did unnecessarily delay medical examination and treatment

20  of plaintiff after palintiff sustained numerous injuries incurred

21  during a vehicular accident as a result of reckless disregard,

22  and deliberate indifferance to traffic laws, driving conditions,

23  and the safety and wellfare of inmate passangers in the custody

24  of the Sheriff's Department.

25  (4) Did unecessarily inflinct cruel and unusual punishment

26  on Plaintiff through the denial and delay of medical and dental

27  treatment through the refusal to extract a tooth broken at the

28  root after exam and X-ray supported said extraction immediately.

~(II)~

(III)

DEFENDANTS

1   Causing unecessary pain and suffering through denial and delay of

2   extraction of a dental injury sustained in a vehicular accident

3   while in the custody of the Riverside County Sheriff's Department.

4   (5) Failed to provide adequate medical care while under confinement

5   and in the custody of the Riverside County Sheriff by failing to

6   address pretrial detainee medical needs arising from injuries

7   suffered during an accident caused by the Riverside Sheriff.

8   (6) Failed to provide appropriate procedural safeguards and

9   responses to injuries sustained by inmates on the dates of October

10  4th, 2018 thru October 12th, 2018 involved as passengers in

11  vehicular accidents on both days shown.

12  (7) Deprived Plaintiff of his Fourteenth ammendment liberty

13  interest in freedom from bodily injury

14  (8) Riverside County Sheriff's Department Medical staff failed to

15  provide treatment for severe injuries after the findings in X-Rays

16  taken showed spinal damage, and injuries warranting specialized

17  examinations "ie" an MRI to ascertain the extent of injuries

18  sustained October 4, 2018 and October 12, 2018.

19  (9) Failed to provide appropriate policy and procedures to protect

20  the plaintif from procedural denial and delay of immediately needed

21  medical treatment.

22

23

24

25

26

27

28

FACTS COMMON TO ALL CAUSES OF ACTION

1: At all times mentioned herein, Aaron Alan Falls was a pre-trial detainee of the Riverside County Sheriff's Department.

2: Between the dates of October 4th, 2018, and October 30, 2018, and while in the custody and control of the Riverside County Sheriff's Department, Plaintiff was housed at the Cois Byrd Correctional Facility in the County of Riverside.

3: The County of Riverside and the Riverside County Sheriff's Department contract medical care providers in their facilities and are the Gate Keepers by policy and procedure to all medical requests and grievances.

4: At all times mentioned herein Lt. Alyssa Vernal, assigned as Lt. of the Cois Byrd detention facility, floor and facility housing Plaintiff Falls, and was assigned as floor operations and transportation supervisor for the Green/Gold team, including oversight of transportation.

5: The transportation teams at the Riverside County Sheriff's Dept., policy and procedure for transporting inmates to and from court, and medical appointments, is and was at the time of incident to handcuff detainees to the waist, in twos or threes individuals while providing seating adequate only for two individuals, and it's routinely three chained together so as to maximize occupancy regardless of available space on seats built for two, and that these vehicles have NO form of safety restraint.

　　The Drivers and Lt's are well aware of the overcrowded seating

FACTS COMMON TO ALL CAUSES OF ACTION

1  with some made to sit on the floor creates an elevated risk of harm

2  to detainees and passengers.

3

4  6: On October 4th, 2018, at approximately 0600 hours during

5  transportation of approximately 30 detainees en route to court,

6  Driver Deputy Perez was driving on a downhill grade of Allessandro

7  Blvd. in the city of Riverside, travelling in excess of the posted

8  speed limit. Many detainees to include Falls had yelled several

9  times requesting Deputy Perez to slow down as he was driving in

10  an unsafe manner. This request was expressly ignored by Deputy

11  Perez and two co-drivers. Moments later Deputy Perez struck two

12  vehicles from behind causing a crash that was attended by the City

13  of Riverside Police Department, the Riverside City Fire Department,

14  supervisory members of the Riverside County Sheriff's Department,

15  and AMR medical rescue ambulance service.

16

17  7: At no time was any detainee taken to the hospital by the Sheriff

18  or Rescue Services, even after numerous complaints of back, neck,

19  and dental injury.

20

21  8: October 4, 2018

22      Approaching the intersections of Allessandro and Chicago

23  Blvds., Deputy Perez driving in excess of the posted speed limit

24  and too fast for morning traffic conditions, slammed on the brakes

25  and collided with a Ford Excursion/Expedition Eddie Bauer series

26  SUV.

27

28  9: Plaintiff Falls was secured to two other detainees in a seat

(VI)

FACTS COMMON TO ALL CAUSES OF ACTION

1   on the right (passenger) side of the vehicle in a bench seat

2   approximately two thirds (2/3) back on the bus in the aisle seat

3   immediately behind a box tube framed compartment seperator /

4   sectional partition. Due to the waist chain restraints, and being

5   secured to two other detainees at the waist, Falls was unable to

6   stop himself or resist inertia force. Falls was slammed face first

7   into the steel partition, injuring his right eye, head, neck, and

8   back, breaking a front tooth off and hanging by the root causing

9   severe, and excruciating pain. Approximately 7 to 10 other

10  detainees suffered reportable injuries as well. At NO TIME was any

11  detainee examined at the scene for injuries.

12

13  10: Riverside Fire, City Police, EMT Services, and the Sheriff's

14  Department arrived and took the driver of the Ford and another

15  vehicle to the hospital for emergency care for the injuries they

16  suffered; meanwhile, Riverside City Police arrived on scene to

17  investigate the scene of the accident, taking the names and booking

18  numbers of bus passengers injured and not, again at no time was

19  emergency services provided to anyone on the bus, even after many

20  and numerous requests by Falls.

21

22  11: Upon arriving at the Robert Pressley Detention Center / Hall

23  of Justice, a Nurse Practitioner took a minimalist interview where

24  injuries were noted. Plaintiff informed unknown nurse of eye

25  injury, back and neck injuries, and dental injuries of which

26  Plaintiff was in excruciating pain. Approximately two hours later,

27  Plaintiff was escorted to a Dental Facility within RPDC. An X-Ray

28  of dental injury was taken, noted, with a recommendation of

(VII)

FACTS COMMON TO ALL CAUSES OF ACTION

1  immediate extraction. The Dentist on duty asked how the tooth was
2  broken, and when told Plaintiff was in a vehicle accident while
3  aboard county transportation, the Dentist refused to do the
4  extraction, with no further care or treatment to dental injuries
5  for approximately 5 to 6 days.

6

7  12: Plaintiff Falls was representing himself pro se in case #
8  RIF1607225, and later informed the Court of the October 4th, 2018,
9  accident, and its potential impact that the sustained injuries may
10 have on his litigating his court actions due to cranial, eye, back,
11 and dental injuries.

12

13 13: Plaintiff Falls filed an inmate grievance form dated 10/4/2018
14 - 10/5/2018, which was received by Medical Staff who by practice
15 and procedure delay medical attention of all varieties.

16    This grievance was received by a Deputy Sgt. Fergusson ID#
17 4412. The grievance pertained to the accident and the fact that
18 Plaintiff was told by Nursing Staff who later stated Falls had
19 refused when Falls had not. It was later confirmed that housing
20 deputies were interfering with Falls' medical care. Sgt. Conn ID#
21 3196 was the superviser and reviewer of that grievance complaint
22 which was not reviewed until October 11, 2018. Sgt. Conn's written
23 response to this was "Duplicate Grievance original dated 10/6/18
24 @ 0842," but the grievance was dated October 5, 2018. It was very
25 apparent from the day of the accident that the Sheriff's
26 Department, and senior staff were doing what they could to deny
27 and delay medical exam and treatment on purpose.

28

(VIII)

FACTS COMMON TO ALL CAUSES OF ACTION

1   14: Plaintiff Falls files another grievance dated 10/5/18 and

2   received 10/6/18 by Sgt. McClellan ID# 3446, alleging "Staff

3   (Deputies and Medical) have ignored Falls attempts to get medical

4   attention, numerous medical requests had been put in and ignored

5   without regard to health issues and injuries sustained in October

6   4th, 2018, accident; Note: Falls has still not seen an MD. or Nurse

7   practitioner since initial interview at RPDC two days earlier."

8   Sgt. Conn ID# 3196 doesn't respond til 10-11-18.

9

10  15: Plaintiff Falls filed another grievance dated 10/7/18 which

11  contains an attached declaration from other detainees involved in

12  the Otober 4th, 2018 incident:

13      Alfred Cisneros # 201743467; Jacob A. Martinez # 201835275;

14  along with Falls' declaration as attachment alleging bus accident,

15  injuries and failure to provide medical care. Sgt. Conn ID# 3196

16  responds to this grievance on 10/11/18 as well with Sgt. Ferguson

17  ID# 4417 being the initial reviewer of grievance on 10/8/18.

18

19  16: At no time did any of these Sergeants; Ferguson, McClellan,

20  or Supervising Sgt. Conn properly respond to grievances submitted.

21  All were delayed by the Sergeants acting as gate keepers to prevent

22  the October 4th, 2018, accident from being exposed, and accepting

23  liability, thus interfering with medical care. The Supervisor

24  (Sgts) responses to all filed grievances state the exact same

25  thing: "see medical response" without further comment or action.

26

27  17: On October 10, 2018, Falls filed another grievance form,

28  informing supervisory staff that he had informed Judge Koosed

(IX)

FACTS COMMON TO ALL CAUSES OF ACTION

1  Deptartment 51 of the Riverside County court of the Sheriff's
2  failure to provide medical care after suffering severe injuries
3  and requested of the Sheriff's Department to inform medical to
4  provide care for back injuries, eye, injuries those being an MRI
5  for back and neck, and an optometry visit for eye injuries, which
6  to present day cause blurry vision, migraine headaches, extreme
7  psiatic pain resulting in progressively worsening circulatory
8  issues to the extremities resulting in loss of strength, and
9  feeling in hands and feet.

10     This particular grievance does not have a received by name
11  or ID# as is proper to form and procedure. Supervising Sgt. Conn
12  ID# 3196 received the grievance and screened it 10/15/18 @ 0930
13  hours with the usual findings of "see medical response".

14

15  18: Based on the fact that Falls had informed Superior court
16  Judge Koosed of the Sheriff'sinterference with medical and
17  failure to provide medical treatment during the Oct. 19th 2018
18  court proceedings Judge Koosed issued a court order to
19  investigate matters further.

20

21  19: On Oct. 10th 2018 Falls was interviewed by Dr. Maria Cudal,
22  M.D. jail Physician at the Cois Byrd Detention Cntr. Even after
23  this interview with Dr. Cudal, at which time Falls informed her
24  of the severity of the injuries suffered from the blunt force
25  trauma to his skull, which was now causing blurred vision,
26  migraine headaches, neck, back, shoulder, and spinal pain,
27  along with and aside the excruciating pain from a yet untended
28  tooth broken at the root and gumline, all Dr. cudal did was

(X)

FACTS COMMO⌐ TO ALL CAUSES

1  was to promise tylenol.

2     Defendants Sheriff and medical staff made the first

3  arrangements on October 11th, 2018, seven (7) days after the

4  Sheriff Department transportation departrments Oct. 4th 2018

5  vehicle accident . At this time Dr. Maria Cudal, MD

6  informed Falls that he would be "REFERRED"to the hospital for a

7  CT scan, and an Opthamology visit duringthis interview. Falls'

8  also requested a back brace so as to give some kind of basic

9  lower back supportfor his back and spinal injuries to the lower

10  lumbar area of his back due to his restricted mobility, sciatic

11  nerve damage, neck and shoulder pain.

12

13  20:  Falls filed a greivance to the Deputy Sheriffs in regards

14  to the medical care interview. Again, this grievance did not have

15  a "RECEIVED BY":employee name and ¹D numberaccepting

16  responsibilty of receiving this document. SGt. Conn ID# 3196

17  response date 10-22-2018, with the same supervisory findings of

18  "See medical response". Falls requested a Lumbar support brace

19  yet medical provided him with a Hernia support which does nothing

20  for back and spinal injuries.

21

22  21: On Oct.11th, 2018 Lt. Alyssa Vernal interviewd Falls at

23  approximately 1700hrs in regards to the October 4th 2018 acident.

24  Lt. Vernalinitially starts this interview by asking details of

25  the accident to which Falls described. Lt. Vernal asked specics

26  and was given Falls report finishing with the accounting of the

27  Riverside city police taking statements from detainees abord the

28  bus, to include names and

1  booking numbers in which Falls and approximately thirty (30) inmates were

2  Lt. Vernal asked what type of vehicle was involved in the accident with the

3  transportation bus? Falls informed her that it was a late 90's Ford Explorer

4  Eddie Bauer Edition , a dark blue or green color with beige trim. The driver

5  of the vehicle was transported by AMR Ambulance Services to the hospital.

6  Lt. Vernal immediately stated, "There was no accident or Ford vehicle in an

7  accident at all!" Then, she asked what injuries Falls sustained in the

8  accident? Falls responded by stating, "I broke my tooth on the metal bar when

9  my face hit the steel frame of the partition, as well as my right eye in the

10 same fashion, that I also sustained neck and back injuries and suffered severe

11 pain, the vision in my right eye is blurry and I have migraines. And, I have

12 not received any medical care for my injuries."

13 Lt. Vernal responded by stating, "You sustained those injuries at other times

14 and that the sheriff's department is not responsible and that you are

15 fabricating everything." Falls responded, "I have kept records of all of his

16 documents concerning his medical and dental prior to the accident, along with

17 grievance forms submitted concerning deliberate indifference to injuries and

18 medical needs and can provide evidence to cover the burden of proof necessary

19 to support his position which is contrary to hers."

20 Lt.Vernal attempted to intimidate Falls with her position in the sheriff's

21 department to change his story to match hers, and instructed several deputies

22 to intimidate him and give him a hard time as well.

23 Then Lt. Vernal attempted to change tactics by asking, "What is it that you

24 want?" Falls responded, "Medical care since the day of the accident (October

25 4, 2018), and an injury claim form that I may submit to the Riverside County

26 Board of Supervisors." Lt. Vernal stated. "I don't know what form you're

27 talking about." Agitated, she departed. A short time later a second deputy

28 //

(XII)

1   and took Falls to find a copy of the form. The form was copied and provided to

2   Falls later that evening.

3      22: Falls contacted his family and informed them of the accident and the

4   failure to provide medical care. Falls Mom spoke with Lt. Alyssa Vernal whose

5   demeanor was less than professional. Falls Mother simply request that her son

6   receive medical care for his injuries.

7      23:On October 12, 2018 Falls was a passenger on the Riverside Sheriff's

8   transportation bus enroute to Riverside Hall of Justice for court proceedings.

9   Deputy Barrows was the driver and Deputy Lundy was 2nd seat Deputy of trans-

10  portation. Falls was seated on the passenger side of the bus third (3rd)

11  compartment second (2nd) bench inside seat against  interior wall of the bus.

12  As the bus departed the loading area of Smith Correctional facility's trans-

13  portation and intake, the driver was attempting to pass through an area where

14  new construction was being conducted. Galvanized steel gate posts were erected

15  on either side of the road, the driver of the bus struck one of the posts

16  while making an extremely tight left turn the vehicle struck a post causing

17  a sudden abrupt stop throwing the inmates forward in an inertia that caused

18  Falls to further impact the existing back and neck injuries as he was unable

19  to protect himself from injury due to no available vehicle safety seat

20  belt Falls' ... full body weight impacted the steel cage hitting his shoulder.

21     24:  The only medical or dental action provided during the course of the

22  two respective vehicle accidents October 4, 2018 and October 12, 2018 was an

23  x-rays for neck and back, and a tooth extraction October 16, 2018 at Cois Byrd

24  Detention Center.

25     25: On October 18, 2018 another CT scan and x-ray was conducted at Riverside

26  University Health System was conducted.

27     26:  Falls was sentenced October 19, 2018 for his California Superior Court

28  //                              (XIII)

County of Riverside case No. RIF1601225.

27: Based upon the Sheriff Departments delayed processing of Falls grievance appeals and Sgt. Conn's failure to interview Falls in regards to his appeals and the results, Sgt. Conn's actions in writing "refused" in place of properly processing the appeals rendered the results and process moot. As a result Falls was never treated for his injuries, never received results of his CT scan and there were  no remedies available to process appeals further, no rules for for higher review of appeals were available in the housing units. Falls' Claim For Damages To Personal Property (see ¶ 22, pg.   ) submitted 10/12/2018, filed 10/22/2018 was issued claim number 201823505 with Risk management.

28: October 30, 2018 Falls was transferred to Wasco State Prison. Falls filed medical requests in regards to injuries suffered in October 4th and 12th, 2018 vehicle accidents and Ct scans and x-rays were taken showing back injuries were apparent and conducted follow-up appointments to be seen by a physician. Falls is currently under medical care by the California Department of Corrections and Rehabilitation medical Health Care for eye injuries, back injuries and therapy.

29: At all times mentioned herein defendants Barrows, Conn, Maria Cudal, Fergurson, Lundy, McClellan and Alyssa Vernal were acting under the color of law.

30: Defendants are being sued in their individual personal capacities. // as well as Their official Capacities. as well as // their individual capacities

(XIV)

D. CAUSES OF ACTION
                    Fourteenth Amend.
1  Count 1: United States Constitution ___ - Deliberate Indifference
   to Elevated Risk of Injury - Cruel and Unusual Punishment in Vehicle Accident
2

3  31: Plaintiff incorporates by reference ¶¶ 1 through 32 and all causes of action

4  32:   Defendant Deputies Lt. Alyssa Vernal and Perez placed Falls in a elevated

5  risk of injury when they secured him in waist chains and fastened handcuffs to

6  them and his wrist immobilizing his hands then secured him to two (2) other

7  inmates and placed him on a transportation bus that does not have any seat belt

8  restraint devices to prevent injury. Then this elevated hazardous condition of

9  confinement was exacerbated by Deputy Perez' driving in excess of the posted

10  speed limit, ignoring pleas by inmates to slow down and driving too fast for

11  commute traffic on October 4, 2018, causing an accident in which he crashed the

12  bus into a Ford Bronco injuring Falls and other inmates. Falls hit his head and

13  mouth and still suffers eye damage, back and spinal injuries that affect his

14  arms, wrist and legs, and broke his front tooth which had to be extracted.

15  33:   Each defendant, Lt. Alyssa Vernal and Deputy Perez knew or should have

16  known that a transportation vehicle that does not provide a means or measure of

17  safety to prevent injury, i.e., seat belt restraint to prevent injury to its

18  passengers was not fit for use on California highways and roads. In the face of

19  the fact that seat belt restraint is California law Lt. Vernal as supervisor of

20  Green/Gold Transportation Operations had a duty to know the law and intervene

21  instead of placing Falls and approximately thirty inmates in danger. Yet,

22  Lt. Vernal and Perez were deliberately indifferent to inmate safety, trans-

23  porting inmates on vehicles that do not have safety restraint and binding

24  their hands.

25  34:   Defendant Lt. Alyssa Vernal and Deputy Barrows placed Falls in a elevated

26  risk of injury on October 12, 2018 when they secured him in waist chains and

27  fastened handcuffs to them and his wrist immobilizing his hands then secured

28  //

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV 8-72)

1  him to two (2) inmates and placed him in a transportation bus that did not

2  have any seat belt restraint device to prevent injury. Then this elevated

3  hazardous condition of confinement was exacerbated by Deputy Barrows ran into

4  a post and the abrupt stop caused Falls to his his shoulder and torso against

5  the steel bus reinforcement bar injuring his back in which he already suffered

6  injuries, his groin was injured and compression nerve damage in his spine,

7  cruel and unusual punishment inflicted during bus transportation by Riverside

8  County Sheriff Department Green/Gold Transportation Team Operations supervised

9  by defendant Lt. Alyssa Vernal.

10    35: Each Defendant, Lt. Alyssa Vernal and Deputy Barrows placed Falls in a

11  elevated risk of injury on October 12, 2018 when they knew or should have

12  known that a transportation vehicle that does not provide a means or measure

13  of safety, i.e., seat belt restraint device to prevent injury to its passengers

14  was not fit  for use on California highways and roads. In face of the fact

15  that seat belt restraint is California law, Lt. Vernal as supervisor of Green/

16  Gold Team Transportation Operations had a duty to know the law and intervene

17  in making sure the vehicles were in compliance with California law instead of

18  placing Falls and thirty (30) inmates in danger. Yet, Lt. Vernal and Barrows

19  were deliberately indifferent to inmate safety, transporting inmates in

20  vehicles without restraint devices.  Each defendant had an opportunity to

21  intervene in the dangerous condition of transportation but failed to do so.

22    36:   The defendants Lt. Alyssa Vernal, Deputy Barrows and Deputy Perez actions

23  or inactions in transporting Falls in transportation vehicles unsafe for

24  California highway and road conditions resulted in Falls suffering cruel and

25  unusual punishment being slammed into metal bars and cages inside of trans-

26  portation vehicles without seat belt restraint in accidents on October 4, 2018

27  and October 12, 2018 causing Falls to suffer to this day, migraines headahes,

28  //

(XVI)

1  broken front tooth that had to be extracted and is permanently loss, hernia

2  requiring a support device, neck, back and spinal injuries which causes pain

3  and tingling of the nerves down the arms and legs requiring wrist and back

4  supportive devices. Falls has been prescribed eyewear due to his permanently

5  distorted blurry vision from hitting his eye on the steel bar during the

6  accidents. Falls injuries require physical therapy which he is unable to do

7  because of the pain it causes him in his back and spinal area.

8  //

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(XVII)

## D. CAUSES OF ACTION

Count 2: United States Constitution 14th Amendment — Deliberate Indifference to Serious Medical Need — Interference, Denial

37. Plaintiff incorporates by reference ¶¶ 1 through 37 and all causes of action

38. Defendant Deputy Sergeant Conn interfered with Falls grievance appeals by failing to interview Falls ¶ 28, and passing the appeals back and forth beteen defendant Maria C. Cudal, M.D. delaying process resolution of the medical care request. Ultimately Falls was denied medical care after suffering injuries from two (2) transportation vehicle accidents October 4, 2018 and October 12, 2018. Falls suffered from blunt force trauma hitting his head, eye and mouth on metal bar injuring his head, eye, neck and back causing back lumbar injuries, spinal nerve injuries causing loss of feelings in his legs, arms and wrist requiring support braces, eye damage requiring eye wear prescription, cracked front tooth requiring tooth extraction and possible prosthetic, back injury requiring back brace, Falls also has to wear a hernia support brace from the injuries suffered in the two accidents. Falls was denied medial care while under the custody of the Riverside Sheriff Department. Falls suffered unwanton infliction of pain and the defendants who Maria C. Cudal (¶ 11, Lns. 20-25 and appeals), Lt. Alyssa Vernal as supervisor of Green/Gold Transportation Operations (¶ 22), and Sgt. Conn assigned as Supervisor of housing and medical care appeals who reviewed all of the medical care request grievances filed by Falls. Based upon the actions and/or inactions of defendants Conn, Cudal and Vernal in depriving Falls of medical care after suffering serious injuries he suffered unnecessary and wanton infliction of pain. Their knowledge of the injuries and failure to provide medical care was evidence of their deliberate indifference, transferring Falls the the California Department of Corrections & Rehabilitation October 30, 2018.

//                                              (XVIII)

39:   Each defendant Maria C. Cudal, M.D., Lt. Alyssa Vernal, Sgt. Conn,

Deputy driver Barrows and Deputy driver Perez: had a duty and opportunity to

ensure Falls was provided medical care for the serious injuries sustained in

bus accidents that occurred on two occasions October 4, 2018 and October 12,

2018 resulting in serious bodily injury and unnecessary and wanton infliction

of pain which was ignored by defendants deliberate indifference to Falls

suffrage when he should have been free from cruel and unusual punishment at

the mercy of defendant's care. The defendants ignored his pleas for medical

through requests, grievances and court intervention (court mandated inquiry).

//

//

NOTE:While Falls Was   Pre   trial detainee on Oct.4, 2018
sentancing had not been done til the 19th of October that
same year, putting this claim as it is believed, to be a fo
Fourteenth amedmant claim.

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV. 8 72)

D. REQUEST FOR RELIEF

Compensatory Damages: $500,000.00 each Defendant jointly and severally

Punitive Damages $100,000 each Defendant jointly and severally

Injunctive Relief: Prohibit Riverside County Sheriff Department from transporting inmates in vehicles that do not comply with California seat belt restraint law and issue a Court Order to have all Riverside County transportation vehicles have seat belt restraint installed in compliance with California law,

Defendant declare rights of Falls,

Defendant pay cost of litigation and/or attorney fees incurred,

Demand for Jury trial

//

//

VERIFICATION

I Aaron Alan Falls declare under the penalty of perjury of the laws of the state of California and the United States that I am above the age of majority, competent, have full knowledge of the facts mentioned herein and that they are true and correct, pursuant to 28 U.S.C. § 1746.

Date: May 26th 2020

Aaron Alan Falls / Pro Per



AARON A. FALLS #BH6927

PO BOX 4000, A-6 125 L

VACAVILLE CA. 95696

California State Prison-Solano



LEGAL MAIL

UNITED STATES DISTRICT COURT
CENTRAL DIVISION
EDWARD R. ROYBAL FEDERAL BLDG. & US COURT

255 EAST TEMPLE STREET

LOS ANGELES CA. 90012



ADS

90 Yang / Jon 87643   5-26-2020