UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JWH (ADS)                              Date: March 29, 2021

Title: *Aaron Alan Falls v. Alyssa Vernal, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER RE SCREENING OF THIRD AMENDED COMPLAINT**

Plaintiff Aaron Alan Falls ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed a Third Amended Complaint ("FAC") alleging violations under 42 U.S.C. § 1983 ("Section 1983") and California state law for events related to two automobile accidents that occurred while Plaintiff was a pretrial detainee in the custody of the Riverside County Sheriff's Department on a Sheriff's Department bus. [Dkt. No. 38]. Plaintiff asserts claims against the County of Riverside, Riverside County Sheriff's Department, Corrections Officer Alyssa Vernal, Maria Cudal, M.D., Deputy Perez, Deputy Barrows, Sergeant Conn, and one hundred Doe defendants (collectively, "Defendants"). [Id.].

The Court is required to screen pro se complaints brought by prisoners and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the Complaint and views all inferences in the light most favorable to Plaintiff. See Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court construes the Complaint liberally because Plaintiff is proceeding pro se. Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JWH (ADS)					Date:  March 29, 2021

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

In light of the liberal pleading standards, at this time, Plaintiff has sufficiently alleged three claims: (1) a claim for deliberate indifference to safety against defendant Deputy Perez in his individual capacity related to the first accident between the bus he was a passenger on and a third-party car (Claim I); (2) a claim for deliberate indifference to medical need against Lieutenant Vernal in her individual capacity (Claim III); and (3) a Monell claim against the County of Riverside and Riverside Sheriff's Department for its practice of unsafe transportation of detainees (Claim VII).

With regard to the remainder of the claims, this is Plaintiff's fourth attempt to remedy the deficiencies and adequately state his claims.  As such, it is clear that the remainder of the claims cannot be cured and further leave to amend would be futile.  No further leave to amend will be granted.  See Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

Accordingly, Plaintiff has the following three options:

**Option 1 – Proceed on portions of the TAC**
Without additional delay, Plaintiff may elect to proceed on the three claims identified above.  These are the only three claims that are adequately pled in the TAC.  If Plaintiff selects Option 1, the Court will order the TAC served on defendants Deputy Perez and Lieutenant Vernal in their individual capacities, and on the County of Riverside and Riverside Sheriff's Department.

To select Option 1, Plaintiff must file a Notice of Election **by no later than April 12, 2021** which states Plaintiff selects Option 1, chooses to proceed only on the three claims identified above against the identified defendants only.  Upon timely receipt of Plaintiff's Notice of Election of Option 1, the Court will direct the Clerk to issue summonses on the TAC for defendants Perez and Vernal, in their individual capacities, and on the County of Riverside and Riverside Sheriff's Department, and will commence the process of directing service of those defendants by the United States Marshal Service, with Plaintiff's assistance.  All other claims and defendants will be deemed dismissed without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:19-02311 JWH (ADS)                                   Date:  March 29, 2021

Title:  *Aaron Alan Falls v. Alyssa Vernal, et al.*

### Option 2 – Stand on Third Amended Complaint

Plaintiff is entitled to stand on a defective complaint. Since Plaintiff has had multiple opportunities to amend the complaint, this will be viewed by the Court as an inability to cure pleading defects previously identified to Plaintiff.

If Plaintiff selects Option 2, the Court <u>will</u> recommend to the District Judge dismissal of the claims identified as deficient with prejudice. Dismissal with prejudice means that Plaintiff will be given no further opportunities to amend and Plaintiff will not be able to assert this same claim in a new case.

To select Option 2, Plaintiff must file a statement with the Court, **by no later than April 12, 2021**, stating that he wishes to proceed on the Third Amended Complaint, despite the infirmities described in the Court's previous Orders.

### Option 3 – Voluntarily Dismiss

Plaintiff may elect to voluntarily dismiss the Third Amended Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) by filing a Notice of Dismissal. To select Option 3, Plaintiff must file the Notice of Dismissal by the deadline set forth above. The Clerk is directed to provide Plaintiff with a Notice of Dismissal Form (CV-009).

**Plaintiff must choose one of the above three options by no later than April 12, 2021.** [1] **Plaintiff is expressly warned that failure to timely respond to this Order may result in a recommendation to the District Judge that this action be dismissed for failure to state a claim, for failure to prosecute, and/or for failing to obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

---

[1] This order is nondispositive. However, if a party believes this order erroneously disposes of any of claims or precludes any relief sought, the party may file objections with the district judge within 14 days of the date of the order. <u>See</u> Fed. R. Civ. P. 72.