UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
AUG 25 2021
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

In re FALLS

Plaintiff

On Exparte Motion /

Application for Appointment
of Counsel

CASE # 5:19-CV-02311-JLS-ADS

## INTRODUCTION

Comes now, Plaintiff Falls, before the Honorable Magistrate Judge, to put forth this application for appointment of counsel.

In 1999, the United States District Court for the Central District of California created a volunteer panel of private law firms to represent plaintiff's in prisoner civil rights cases filed pursuant to 42 U.S.C. $1983 or Bivens v Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S Ct. 1999, 29 L. Ed. 2d. 619 (1971). Prisoner civil rights cases were chosen as the focus of the panel because these cases present important issues of constitutional law which imapct our entire community. Also, the plaintiff's, who have restricted access to the world outside of their institution, typically have no means to obtain private counsel.

(1)

These cases are only referred for appoinment after the prisoner's case has survived a dispositive motion or if the assigned JUdge determines that the appointment of counsel is appropriate in a particular case. Thus, by the time appointment is made, a Judge has determineed that a material issue of fact exists for trial and that the Plaintiff's claim may have merit. If the attorney accepts the appointment, he or she may move to re-open discovery, but generally the appointed attorney appears for the purpose of representing the plaintiff at a settlement conference and trial.

Due to the compexity of federal civil rules and procedure, the vast litigation apparatus at the disposal of State and County municipalities, their legal structures, the voluminous amount of resource at the disposal of said municipalities for the express purpose of litigation of Monell claims of just this sort and for their use againt plaintiff who has no legal education at all, denies him federal due process. It should also be noted that Plaintiff is indigent, and cannot afford the cost of hiring an attorney to litigate this matter. The legal resources available to an incarcerated plaintiff is extremely limited to say the least, not to mention the limited access allowed to the facility law library which in total comes to less than (2) two hours per week when scheduling allows and plaintiff meets the scheduling requiremnets put forth by CSP Solano, and the CDCR. All of which leave this plaintiff at a extreme disadvantage in the litigation of a case with so many complexities.

(2)

## DECLARATION IN SUPPORT OF MOTION
## FOR THE APPOINTMENT OF COUNSEL

(a) Plaintiff is federal and State civil law illiterate.

(b) Plaintiff case is very complicated.

(c) Plaintiff under penalty of perjury that his answers to the foregoing questions are to the best of my knowledge are true and correct.

(d) This is a complex because it contains several legal claims, withe each claim involving a different set of defendants.

(e) The case involves medical issues that may require expert testimony.

(f) The Plaintiff has demanded a jury trial.

(g) The Plaintiff has very limited access to legal material and has no ability to investigate the facts of the case, due to COVID-19.

(h) I am the Plaintiff in the above-entitled case. I make this declaration in support of my motion for this appointment of counsel.

(i) As set forth in the Memorandum of Law submitted with this motion, these facts, along with the legal merit of Plaintiff's claims, support the appointment of counsel to represent the Plaintiff.

(3)

Plaintiff understands that if he is assigned a lawyer and my lawyer learns, either from myself or elsewhere, that Plaintiff can afford a lawyer, the lawyer give this information to the court. Plaintiff understands that if his answers on this application are false, his case can be dismissed.

Furthermore, Plaintiff understands that making this application does not excuse him from litigating his case, and that it is still his responsibilty to have defendants served with a summons and complaint, if he has not already done so.

Wherrefore, the Plaintiff's Motion for Appointment of Cousel should be granted, Pursuant to 28 U.S.C. section §1786, I, Aaron Alan Falls, Declare under Oath and Penalty of Perjury that the foregoing is true and correct.

Respectfully subitted:

Dated: August 22, 2021

*Aaron A. Falls*
Plaintiff

## MEMORANDUM OF LAW

Plaintiff here in has filed a federal civil rights lawsuit under 42 U.S.C. section 1983, alleging deprivation of Constitutional rights by county, state, and federal employees. As noted from the complaint filed and other memoranda of law. the case at bar has meritorious claims. This is also shown by the district court's screening which allows Plaintiff to proceed herein. See e.g. Sours v. Norris 8th Cir. 1986) 782 F.2nd 106, 107; Hendricks v. Coughlin (2nd Cir. 1997) 114 F.3rd 390, 393-395; Burns v. County of King(9th Cir. 1989) 883 F2nd 819, 824.

Plaintiff is incarcerated, and his ability to marshal evidence in his behalf and interview witnesses is extremely limited, especially now due to Covid-19 state, national and global pandemic which no cure is currently available. The case may require depositions, extensive documentary evidence, or access to witnesses, or due to such investigation, Plaintiff might suffer retaliation from County, State. or Federal officials for his investigation or worse COVID-19. See Tabron v. Grace (3rd Cir. 1993) 6 F.3rd 147, 156; Tucker v. Randall(7th Cir. 1991) 948 F.2nd 388, 391-392.

The evidence in Plaintiff's case probably will be strongly disputed by the Defendant's herein. Credibility issues, herein might become an important factor. This also supports the appointment of counsel. See Rayes v. Johnson (8TH Cir. 1985) 969 F.2nd 700, 704; Gatson v. Coughlin ( W.D.N.Y. 1988)679 F.Supp. 270, 273;

(5)

Norton v. Dimazana (5th Cir. 1997) 122 F.3rd 286, 292. Plaintiff's account of his constitutional violations as as American-born citizen by defendants is squarely in conflict with the statements of some defendats. This aspect of the case will be a credibility contest between the defendants and the Plaintiff. The existence of these credibility issues supports the appointment of counsell. Steele v. Shah(11th Cir. 1996)87 F.3rd 1266, 1271.

Plaintiff is not anexperienced paralegal or lawyer and/or has a limited educational experience with any federal law. See Tabron v. Grace, Supra, 6 F.3rd at 156; Whisnant v. Yuam(4th Cir. 1984) 739 F.2nd 160, 163. The ability of the indigent to present his claim with no legal trainiing, a factor that supports the appointment of counsel. Forbes v. Edgar, 112 F.rd 262, 264(7ht Cir.1997). In addition, he is confined, with very limited access to legal materials due to the global pandemic duly recognized by President Biden. Rayes v. Johnson(8th Cir. 1992) 969 F.2nd 700, 703-04.

Complex legal and factual issues may arise in Plaintiff's case. Plaintiff may need the appointment of/or the use of expert witnesses(medical, physical, optometric, orthopedic, physical therapist, A.D.A. specialist, mental health, case management specialist, independant experts... specifically for non-bias or non-union aligned experts). See.e.g. moore v. Mabus(5th Cir. 1992) 976 F.2nd 268, 272; Estelle v. Gamble(1976) 429 U.S. 97, 195 "the allegation to medical care amount to deliberate indifference to medical

(6)

to medical need, which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to pre-trial detainees[Plaintiff's] medical needs". This case may also be tried in front of a jury. This supports the appointment of counsel. <u>Abdullah v. Gunter</u> (8th Cir. 1991) 949 F.2nd 1032, 1036.

Legal complexity some whom are supervisory officials, present complex legal issues of determinning which defendant/s were sufficiently personally involveed in the constitutional violations to be held liable. <u>Hendricks v. Coughlin</u>(2nd Cir. 1997) 114 F.rd 390, 394" holding complexity of supervisory liability supported appointment of counsel". In addition, the Plaintiff has asked for a jury trial, which requiresmuch greater legal skills than the Plaintiff has or can develop. <u>Solis v. County of Los Angeles</u> (9th Cir. 2008) "prisoner with eighth grade education and no legal training is "ill-suited" to conduct a jury trial".

Further the persons helping Plaintiff lack any knowlege in civil rights law and are helping him for free with heresay information from secondary non-legal sources about what to do or what to say but they too do not know about federal civil law. Issues like qualified immunity, affirmative defenses, case management, standards of review, burdens of proof, medical evidence, A.D.A federal laws et. seq., state agency inquiry, medical reviews, psych reviews, police reports, court documentation reviews, preponderance of evidence analysis, settlement discussion, depositions, interviews. and

(7)

my mother will be seen as being bias as what the Administrative Judge and Appeals Office has claimed thus far, Covid-19 pandemic recognized by the Govenor of California Gavin Newsom and our President Biden with their emergency declarations which creates obstacles directly towards Plaintiff, COVID-19 is a death sentance with no cure or the vast complex federal legal terminology that the average American citizen barely understands much lessan individual without a highschool diploma, all of these important yet meritorious issues also support the appointment of counsel. See e.g. Nelson v. Coughlin(S.D.N.Y. 1987)670 F.Supp. 1196, 1189; Swofford v. Mandrell(7th Cir. 1992) 969 F.2nd 547, 552 ; Johnson v. Williams (8th Cir. 1986)788 F.2nd 1319, 1323-24 ; Vines v. Howard (E.D.Pa. 1987) 676 F.Supp. 608, 616; Abdullah v. Gunter (8th Cir. 1991) 949 F.2nd 1032,1035. In addition, courts have suggested that the most important factor is whether the case appears to have merit. Carmona v. U.S. Bureau of Prisons(2nd Cir. 2001)243 F.3rd 629, 632; Moore v.Mabus(5th Cir.1992) 976 F.2nd 268, 272; Montgomery v. Pinchak(3rd Cir.2002) 294 F.3rd 492, 503-04; Jackson v.County of McLean(7th Cir.1992)953 F.2nd 1070, 1073; Parham v. Johnson(3rd Cir. 1997) 126 F.3rd 454, 459.

## CONCLUSION

Wherefore, Plaintiff prays this court appoint counsel to represent him in this U.S.C. section 1983 federal civil rights lawsuit. For the foregoing resons, the court should grant the Plaintiff's motion and appoint counsel in this case.

Respectfully Submitted,

*Aaron A. Fahn*

Dated: April 14th, 2021

Plaintiff

AARON A. FALLS # BH6927
PO Box 231040, D5B-107
California Health Care Facility
Stockton CA. 95213





STATE PRISON GENERAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
255 EAST TEMPLE STREET, ROOM 180
LOS ANGELES, CA. 90012

LEGAL MAIL  LEGAL MAIL  LEGAL MAIL  LEGAL MAIL



